UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RYAN GUINN, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SUGAR TRANSPORT OF THE NORTHWEST, INC., a California corporation, and DOES 1 through 100,<br><br>Defendant. | CIV. NO. 2:16-325 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO AMEND COMPLAINT |

----oo0oo----

Plaintiff Ryan Guinn brought this class action against defendant Sugar Transport of the Northwest ("Sugar Transport"), alleging that defendant failed to pay him and other truck drivers overtime wages in violation of the Fair Labor Standards Act ("FLSA") and failed to provide uninterrupted meal and break periods in violation of California law. (Notice of Removal Ex. A, Compl. (Docket No. 1-1).) Before the court is plaintiff's

1

Motion for leave to amend his Complaint to add two parties as defendants to this action. (Pl.'s Mot. (Docket No. 37).)

I. Factual and Procedural Background

Defendant is a transport company that delivers wine from suppliers to retailers. (Joint Status Report at 3 (Docket No. 14).) Plaintiff was employed by defendant as a truck driver from 2008 to 2015. (Compl. ¶ 43.)

On October 23, 2015, plaintiff filed this action in the California Superior Court, alleging that defendant failed to pay him and other truck drivers overtime wages in violation of the FLSA and failed to provide uninterrupted meal and break periods in violation of California law. (Id. at 1, 13, 18.) Plaintiff did not name other defendants at that time. Defendant removed plaintiff's action to this court on February 17, 2016. (Notice of Removal (Docket No. 1).)

On June 17, 2016, the court issued a Scheduling Order in which it stated that "[n]o further joinder of parties or amendments to pleadings will be permitted [in this action] except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (June 17, 2016 Order at 2 (Docket No. 22).) The court noted in the Order that "[t]he parties have agreed to file any motions requesting to join additional parties or amend the pleadings by no later than December 30, 2016." (Id.)

On December 15, 2016, plaintiff deposed John Riella, an employee of defendant's. (Decl. of James Pagano ("Pagano Decl.") ¶ 19 (Docket No. 37-1).) At the deposition, Riella testified that : (1) "Bronco Wine Company," a wine supplier, is the sole

1  supplier for the division of Sugar Transport that plaintiff and
2  putative class members were employed in; (2) Bronco Wine has a
3  sales affiliate called "Classic Wines"; (3) Bronco Wine and
4  Classic Wines "monitored" plaintiff and other truck drivers using
5  "electronic logs and [information from] hand held tracking
6  devices"; (4) Bronco Wine owns the warehouses that plaintiff and
7  putative class members worked out of; and (5) Bronco Wine is
8  affiliated with the company that leased the trucks plaintiff and
9  putative class members drove.  (Id. ¶ 22.)
10          After the deposition, plaintiff undertook further
11 investigation and "learned that . . . Bronco Wine . . . and
12 Classic Wines . . . had significant input on the discipline of
13 [defendant's] drivers," and that Classic Wines "provided
14 direction and instruction directly to [defendant's] drivers
15 regarding the performance of their jobs, including how to address
16 particular deliveries."  (Id. ¶ 24.)
17          On December 23, 2016, plaintiff filed this Motion,
18 seeking leave to amend his Complaint to add Bronco Wine and
19 Classic Wines as defendants to this action.  (Pl.'s Mot.)
20 Defendant opposes plaintiff's Motion.  (Def.'s Opp'n (Docket No.
21 41).)
22 II.  Legal Standard
23          Generally, a motion to amend is subject to Rule 15(a)
24 of the Federal Rules of Civil Procedure, which provides that
25 "[t]he court should freely give leave [to amend] when justice so
26 requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the
27 district court ha[s] filed a pretrial scheduling order pursuant
28 to Federal Rule of Civil Procedure 16[,] which establishe[s] a

3

1  timetable for amending pleadings[,] that rule's standards
2  control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
3  607-08 (9th Cir. 1992); see In re W. States Wholesale Nat. Gas
4  Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

5       Under Rule 16(b), a party seeking leave to amend must
6  demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s
7  'good cause' standard primarily considers the diligence of the
8  party seeking amendment." Johnson, 975 F.2d at 609. "If that
9  party was not diligent, the inquiry should end." Id. Although
10 "the focus of the inquiry is upon the moving party's reasons for
11 seeking modification[,]" a court may make its determination by
12 assessing the prejudice to other parties. Id.

13      If good cause is founds, the court must then evaluate
14 the request to amend in light of Rule 15(a)'s liberal standard.
15 Id. at 608. Leave to amend should be granted unless amendment:
16 (1) would cause prejudice to the opposing party, (2) is sought in
17 bad faith, (3) creates undue delay, or (4) is futile. Chudacoff
18 v. Univ. Med. Ctr. Of S. Nev., 649 F.3d 1143, 1153 (9th Cir.
19 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
20 "Because Rule 16(b)'s 'good cause' inquiry essentially
21 incorporates the first three factors, if a court finds that good
22 cause exists, it should then deny a motion for leave to amend
23 only if such amendment would be futile." Baisa v. Indymac Fed.
24 Reserve, No. Civ. 2:09-1464 WBS JFM, 2010 WL 2348736, at *1 (E.D.
25 Cal. June 7, 2010).

26 III. Discussion

27      Plaintiff alleges that Bronco Wine and Classic Wines
28 are, along with defendant, "joint employers" of plaintiff and the

4

putative class for liability purposes in this action.  (See Pl.'s Mot., Mem. ("Pl.'s Mem.") at 5 (Docket No. 37-2).)  He argues that "good cause" exists to add Bronco Wine and Classic Wines because "he acted diligently" in discovering the facts necessary "to state 'joint employer' allegations against [them]" and adding them once he had enough facts.  (Id. at 5-6.)

Defendant contends that plaintiff did not act diligently in adding Bronco Wine and Classic Wines to this action because the facts he cites in support of adding them as joint employers--that Bronco Wine and Classic Wines monitored, instructed, and provided trucks and facilities to him and other truck drivers--are ones that, as a former employee of defendant's, he knew or should have known from the start of this action.  (Def.'s Opp'n at 4.)  Thus, defendant argues, plaintiff should have included Bronco Wine and Classic Wines as defendants from the start of this action.

The court agrees with defendant that some of the facts plaintiff alleges to have learned only after the Riella deposition are ones that, as a former employee of defendant's, he knew or should have known from the start of this action.  As a former truck driver for defendant, plaintiff was presumably aware that he delivered Bronco Wine's wine and that Classic Wines instructed him and other drivers on how to make deliveries.

However, it is also plausible that plaintiff would not have been aware, from working as a truck driver, that: (1) Bronco Wine owns the warehouses he worked out of and is affiliated with the company that leased the trucks he drove, (2) Classic Wines monitored him and other truck drivers through "electronic logs

and hand held tracking devices," and (3) Bronco Wine and Classic Wines had "input on [employee] discipline." Because defendant has not presented any evidence indicating that plaintiff was or should have been aware of such facts prior to the Riella deposition, the court will assume, for purposes of this Motion, that plaintiff was not aware of such facts prior to the Riella deposition.

In deciding whether an entity may be held liable as a joint employer under the FLSA, the Ninth Circuit has held that many factors are to be considered, not merely whether the entity supplied goods and provided instruction. Such factors include, but are not limited to: (1) "[t]he nature and degree of control of the workers"; (2) "[t]he degree of supervision, direct or indirect, of the work"; (3) "[t]he right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers"; and (4) "whether the premises and equipment of the employer are used for the work." Torres-Lopez v. May, 111 F.3d 633, 639-40 (9th Cir. 1997). "The determination of whether an employer-employee relationship exists does not depend on isolated factors but rather upon the circumstances of the whole activity." Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983), disapproved of on other grounds in Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985).

In light of the circumstantial, fact-dependent nature of the FLSA's joint employer test, plaintiff did not fail to act diligently by waiting until he discovered additional facts to add

6

Bronco Wine and Classic Wines to this action.[1]  See Kalsi v. Forte Sys., LLC, No. CIV-S-06-2366 WBS GGH, 2007 WL 4180158, at *1-2 (E.D. Cal. Nov. 26, 2007) (finding "good cause" to add co-employer where plaintiff "only learned the extent of [co-employer's] role during discovery").  Had plaintiff named Bronco Wine and Classic Wines as defendants based merely on allegations that they supplied defendant's wine and provided instruction to its truck drivers, Bronco Wine and Classic Wines would have had a greater chance of succeeding on a motion to be dismissed from this action.

Neither did plaintiff fail to act diligently in discovering the facts he cites in support of his joint employer allegations.  Plaintiff propounded discovery seeking documents related to defendant's relationship with its suppliers one month after the court opened discovery in this case.  (Compare June 17, 2016 Order, with Pagano Decl. Ex. 3, Request for Production at 11

---

[1] Defendant correctly notes that California's joint employer test is also relevant to this Motion because plaintiff is bringing, in addition to his FLSA claims, a claim for failure to provide meal and break periods under California law.  (See Compl. at 18.)  That is not to say, however, that plaintiff could have added Bronco Wine and Classic Wines earlier under California's test.  Defendant reads California's test to center on whether Bronco Wine and Classic Wines "exercised control over . . . plaintiff['s] working conditions."  (Def.'s Opp'n at 4 (quoting Pena v. Taylor Farms Pac., Inc., 305 F.R.D. 197, 210 (E.D. Cal. 2015) (Mueller, J.)).)  The more precise formulation of that test, however, is whether Bronco Wine and Classic Wines exercised "relevant control" over plaintiff.  See Pena, 305 F.R.D. at 210 (emphasis added).  The "relevant control" here is control over meal and break periods.  There is no indication, at this stage of the litigation, that Bronco Wine and Classic Wines exercised that type of control over plaintiff or other truck drivers, or that plaintiff had reason to know whether they did prior to the Riella deposition.  Thus, plaintiff did not fail to act diligently under California's joint employer test either.

(sent on July 21, 2016).)  The parties stayed discovery for three and a half months in order to try to settle the case.  (Pagano Decl. ¶¶ 8, 13 (discovery was stayed from August 8 to November 3, 2016).)  When it became clear that settlement was unlikely, plaintiff immediately resumed discovery.  (See id. ¶ 13 (plaintiff requested responses to previously issued discovery on November 3, 2016).)  He notified defendant that he would seek to depose defendant's "most knowledgeable" person--Riella--one week after the parties lifted their discovery stay.  (See id. ¶ 14 (serving notice on November 10, 2016).)  He filed this Motion one week after the Riella deposition.  (Compare id. ¶ 16 (Riella deposition took place on December 15, 2016), with Mot. (filed on December 23, 2016).)  These facts do not indicate lack of diligence.

   Lastly, the parties expressly agreed, in their Joint Status Report, to December 30, 2016 as the deadline for filing motions to add parties or amend pleadings in this action.  (Joint Status Report at 4.)  As plaintiff's Motion was filed on December 23, 2016, its timing does not prejudice defendant.  Nor is there any risk that defendant will have to conduct duplicate discovery due to Bronco Wine and Classic Wines being added, as defendant has not conducted any discovery to date in this action.  (Pagano Decl. ¶ 29.)  It likewise does not appear that Bronco Wine and Classic Wines will likely suffer any prejudice by being joined at this stage of the proceedings which cannot be cured by a minor modification to the Scheduling Order upon request.

   Because plaintiff was diligent in discovering facts and adding Bronco Wine and Classic Wines to this action, and because

8

1 defendant will not be prejudiced by plaintiff's Motion, the court
2 finds that plaintiff has demonstrated "good cause" for his
3 Motion.[2]  Futility is not a concern here because the facts
4 presented in plaintiff's Motion indicate that plaintiff has a
5 colorable argument that Bronco Wine and Classic Wines are joint
6 employers in this action.  (See Pl.'s Mem. at 4); Torres-Lopez,
7 111 F.3d at 639-40.  Accordingly, the court will grant
8 plaintiff's Motion.

9      IT IS THEREFORE ORDERED that plaintiff's Motion for
10 leave to amend his Complaint be, and the same hereby is, GRANTED.
11 Plaintiff shall file the amended complaint attached as exhibit 1
12 to his Motion (Docket No. 37 Ex. 1) within five days of the date
13 this Order is signed.

14 Dated:  January 24, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] The cases defendant cites in support of denying plaintiff's Motion are each distinguishable for reasons discussed in this Order.  Unlike the moving parties in Kaplan v. Rose, 49 F.3d 1363 (9th Cir. 1994) and Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393 (9th Cir. 1986), plaintiff likely did not have enough facts to name Bronco Wine and Classic Wines as defendants at the start of this action.  And unlike the moving party in Martinez v. Petrenko, 792 F.3d 173 (1st Cir. 2015), there is no evidence that plaintiff's delay in bringing this Motion was part of a bad faith "litigation strategy."  AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946 (9th Cir. 2006), Minter v. Prime Equip. Co., 451 F.3d 1196 (10th Cir. 2006), Morongo Band of Mission Indians v. Rose, 893 F.2d 104 (9th Cir. 1990), and Calderon-Serra v. Wilmington Trust Co., 715 F.2d 14 (1st Cir. 2013), which defendant cites for the proposition that "[l]eave to amend should . . . be denied when plaintiff delayed seeking an amendment after obtaining knowledge of the facts supporting the amendment," (Def.'s Opp'n at 3), are distinguishable because there is no evidence of undue delay here.