Eric J. Sousa, State Bar No. 232541
RODARAKIS & SOUSA, APC
1301 L Street, Suite 4
Modesto, CA 95354
Tel: (209) 554-5232
Fax: (209) 544-1085

Attorneys for Defendants
Bronco Wine Company, a California
corporation, and Classic Wines of California,
a California corporation

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GUINN, an individual, on behalf of himself, and on behalf of all other persons similarly situated, | Case No. **2:16-cv-00325-WBS-EFB** |
| Plaintiffs, | **CLASS ACTION** |
| vs. | |
| SUGAR TRANSPORT OF THE NORTHWEST, INC., a California corporation, BRONCO WINE COMPANY, a California corporation, CLASSIC WINES OF CALIFORNIA, a California corporation, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this stipulation, through their respective counsel, that the production of confidential information in this action shall be governed by the following terms and conditions:

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such information includes but it is not limited to confidential business, employment, and private financial information.  Accordingly, the

parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; General Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that that any Designating Party (defined below) or party contends should be protected from disclosure pursuant to this Stipulation on the grounds that such Designating Party has made a determination that it has a good faith, reasonable basis to believe that it has a proprietary, property, or privacy interest in such information, or which may implicate privacy rights or interests of third parties. Such information includes, but is not limited to, information that has not been made public and which concerns or relates to the processes and operations of a business, customer information, inventories, and the amount or source of any income, profits, losses or expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or to the organization from which the information was obtained. Such information may also include any information which qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel, if any, (as well as their support staff).

/ / /

/ / /

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "TRADE SECRET."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**STIPULATED PROTECTIVE ORDER**

1              2.15    <u>Trade Secret</u>: shall be defined in accordance with the definition found in

2    California Civil Code section 3426.1 subdivision (d).

3            **3.**       **SCOPE**

4        The protections conferred by this Stipulation and Order cover not only Protected Material (as

5    defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

6    excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

7    presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

8    conferred by this Stipulation and Order do not cover the following information: (a) any information that

9    is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

10   domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

11   this Order, including becoming part of the public record through trial or otherwise; and (b) any

12   information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party

13   after the disclosure from a source who obtained the information lawfully and under no obligation of

14   confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a

15   separate agreement or order.

16           **4.**       **DURATION**

17       Even after final disposition of this litigation, the confidentiality obligations imposed by this

18   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

19   otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

20   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

21   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

22   limits for filing any motions or applications for extension of time pursuant to applicable law.

23           **5.**       **DESIGNATING PROTECTED MATERIAL**

24             5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

25   Party or Non-Party that designates information or items for protection under this Order must take care

26   to limit any such designation to specific material that qualifies under the appropriate standards. The

27   Designating Party must designate for protection only those parts of material, documents, items, or oral

28   or written communications that qualify – so that other portions of the material, documents, items, or

1   communications for which protection is not warranted are not swept unjustifiably within the ambit of
2   this Order.
3           Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
4   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
5   encumber or retard the case development process or to impose unnecessary expenses and burdens on
6   other parties) expose the Designating Party to sanctions.
7           If it comes to a Designating Party's attention that information or items it has designated
8   for protection do not qualify for protection that Designating Party must promptly notify all other Parties
9   that it is withdrawing the mistaken designation.
10          5.2     Manner and Timing of Designations. Except as otherwise provided in this Order
11  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure
12  or Discovery Material that qualifies for protection under this Order must be clearly so designated before
13  the material is disclosed or produced.
14          Designation in conformity with this Order requires:
15                  (a)     for information in documentary form (e.g., paper or electronic
16  documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that
17  the Producing Party affix the legend "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL" or
18  "TRADE SECRET" to each page that contains protected material.  If only a portion or portions
19  of the material on a page qualifies for protection, the Producing Party also must clearly identify
20  the protected portion(s) (e.g., by making appropriate markings in the margins).
21                  A Party or Non-Party that makes original documents or materials available for
22  inspection need not designate them for protection until after the inspecting Party has indicated
23  which material it would like copied and produced.  During the inspection and before the
24  designation, all of the material made available for inspection shall be deemed
25  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "TRADE SECRET."  After the
26  inspecting Party has identified the documents it wants copied and produced, the Producing
27  Party must determine which documents, or portions thereof, qualify for protection under this
28  Order.  Then, before producing the specified documents, the Producing Party must affix the

**STIPULATED PROTECTIVE ORDER**

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "TRADE SECRET" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Notwithstanding, Counsel for the Designating Party may designate additional portions of the deposition within thirty (30) days after completion of the deposition transcript or proceeding transcript by notifying all Counsel in writing.  With respect to a deposition, Counsel taking the deposition shall take care to coordinate with the court reporter the designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "TRADE SECRET" those portions of the deposition that relate or refer to any documents designated as such, and shall provide Counsel for any of the parties at least thirty (30) days after the Reporter's completion of the deposition transcript, an opportunity to review the transcript and designation, and to designate such additional portions of the transcript as they deem applicable.  All transcripts of depositions shall be treated as confidential until thirty (30) days after the Reporter's completion thereof by Counsel for the parties and Counsel for the witness. When confidential information is incorporated in a deposition transcript, the Designating Party shall make arrangements with the court reporter to limit disclosure of any information except in accordance with the terms of this Stipulation.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the of the container or containers in which information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL"  or "TRADE SECRET." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right

**STIPULATED PROTECTIVE ORDER**

to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time, including as to the persons to whom certain classes of confidential designated information may be disclosed.  Unless a prompt challenge to a Designating Party's confidential designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements

imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including

the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the

confidentiality designation for each challenged designation. In addition, the Challenging Party may file

a motion challenging a confidentiality designation at any time if there is good cause for doing so,

including a challenge to the designation of a deposition transcript or any portions thereof. Any motion

brought pursuant to this provision must be accompanied by a competent declaration affirming that the

movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

retain confidentiality as described above, all parties shall continue to afford the material in question the

level of protection to which it is entitled under the Producing Party's designation until the court rules on

the challenge.

Notwithstanding any of the foregoing, any motion brought pursuant to this section shall

comply with all rules governing pre-trial discovery motions and proceedings, which, in the event of a

conflict with any provision hereof, shall prevail.

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for prosecuting or

defending this litigation. Such Protected Material may be disclosed only to the categories of persons

and under the conditions described in this Order. When the litigation has been terminated, a Receiving

Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation  and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

9

1         (b)     To House Counsel of the Receiving Party to whom disclosure is

2   reasonably necessary for this litigation, who have been previously identified to opposing

3   counsel, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit

4   A);

5         (c)     Experts (as defined in this Order) of the Receiving Party to whom

6   disclosure is reasonably necessary for this litigation and who have signed the

7   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

8         (d)     the court and its personnel;

9         (e)     court reporters and their staff, professional jury or trial consultants,

10  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

11  litigation  and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit

12  A); and

13        (f)     the author or recipient of a document containing the information or a

14  custodian or other person who otherwise possessed or knew the information.

15      7.4    Disclosure of "TRADE SECRET" Information or Items.  Unless otherwise ordered by

16  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

17  information or item designated "TRADE SECRET" only to:

18        (a)     the Receiving Party's Outside Counsel of Record in this action, as well

19  as employees and contractors of said Outside Counsel of Record to whom it is reasonably

20  necessary to disclose the information for this litigation;

21        (b)     Experts (as defined in this Order) of the Receiving Party to whom

22  disclosure is reasonably necessary for this litigation and who have signed the

23  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

24        (c)     the court and its personnel;

25        (d)     court reporters and their staff, professional jury or trial consultants,

26  mock  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

27  litigation  and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit

28  A); and

**STIPULATED PROTECTIVE ORDER**

1      (e)      the author or recipient of a document containing the information or a

2 custodian or other person who otherwise possessed or knew the information.

3      7.5      Disclosure to Experts.  Any party who seeks to disclose any information or item

4 designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "TRADE SECRET" to an Expert

5 (as defined in this Order) must first notify the party that so designated the information or item.

6 Notification shall include the proposed Expert's name, occupation, and professional background.  The

7 party receiving such notification will then have ten (10) days to serve a written objection to disclosure

8 to the Expert.  If objection is made, the parties will meet and confer in good faith to resolve the dispute.

9 If the parties are unable to resolve the dispute despite making a reasonable effort to do so, the party

10 objecting to disclosure may file a motion with the Court to prevent disclosure.  If the objecting party

11 fails to file such a motion within fourteen (14) days of service of its written objection, however, the

12 other party may proceed to disclose the information or item to the Expert.

13      **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

14 **OTHER LITIGATION**

15      If a Party is served with a subpoena or a court order issued in other litigation that compels

16 disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY

17 CONFIDENTIAL" or "TRADE SECRET," that Party must:

18      (a)      promptly notify in writing the Designating Party.  Such notification

19 shall include a copy of the subpoena or court order;

20      (b)      promptly notify in writing the party who caused the subpoena or order

21 to issue in the other litigation that some or all of the material covered by the subpoena or order

22 is subject to this Protective Order.  Such notification shall include a copy of this Stipulated

23 Protective Order; and

24      (c)      cooperate with respect to all reasonable procedures sought to be pursued

25 by the Designating Party whose Protected Material may be affected.

26      If the Designating Party timely seeks a protective order, the Party served with the subpoena or

27 court order shall not produce any information designated in this action as "CONFIDENTIAL" or

28 "HIGHLY CONFIDENTIAL" or "TRADE SECRET" before a determination by the court from which

**STIPULATED PROTECTIVE ORDER**

the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

Designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material and nothing in these provisions should be construed as authorizing or encouraging

a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced

by a Non-Party in this action and designated as "CONFIDENTIAL" "HIGHLY

CONFIDENTIAL" or "TRADE SECRET." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

additional protections.

(b)     In the event that a Party is required, by a valid discovery

request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential

information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the

Non-Party that some or all of the information requested is subject to a

confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the

Stipulated Protective Order in this litigation, the relevant discovery request(s),

and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection

by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from

this court within 14 days of receiving the notice and accompanying information, the Receiving

Party may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

**STIPULATED PROTECTIVE ORDER**

1  any information in its possession or control that is subject to the confidentiality agreement with

2  the Non-Party before a determination by the court.  Absent a court order to the contrary, the

3  Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

4  Material.

5  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

6  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7  Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the

8  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

9  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

10  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

11  Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be

12  Bound" that is attached hereto as Exhibit A.

13  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
        PROTECTED MATERIAL**

14

15  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

16  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

17  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

18  modify whatever procedure may be established in an e-discovery order that provides for production

19  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

20  parties reach an agreement on the effect of disclosure of a communication or information covered by

21  the attorney-client privilege or work product protection, the parties may incorporate their agreement in

22  the stipulated protective order submitted to the court.

23  **12.    MISCELLANEOUS**

24  12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person

25  to seek its modification by the court in the future.

26  12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

27  Order no Party waives any right it otherwise would have to object to disclosing or producing any

28  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

**STIPULATED PROTECTIVE ORDER**

1  Party waives any right to object on any ground to use in evidence of any of the material covered by this

2  Protective Order.

3          12.3    Filing Protected Material. Without written permission from the Designating

4  Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

5  the public record in this action any Protected Material.  A Party that seeks to file under seal any

6  Protected Material must comply with General Local Rule 141.  Protected Material may only be filed

7  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

8  Pursuant to General Local Rule 141, a sealing order will issue only upon a request establishing that the

9  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection

10 under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to General

11 Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public

12 record unless otherwise instructed by the court.

13      **13.    FINAL DISPOSITION**

14         Within 60 days after the final disposition of this action, as defined in paragraph 4, each

15 Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As

16 used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

17 summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the

18 Protected Material is returned or destroyed, the Receiving Party must submit a written certification to

19 the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

20 deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned

21 or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

22 compilations, summaries or any other format reproducing or capturing any of the Protected Material.

23 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

24 papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

25 exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

26 materials contain Protected Material.  Any such archival copies that contain or constitute Protected

27 Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

28 / / /

**STIPULATED PROTECTIVE ORDER**

1         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

2 DATED: _____         PAGANO & KASS, APC

3

4                               By:   /s/ Ian A. Kass

                                   Ian A. Kass

5                                    Attorneys for Plaintiff, Ryan Guinn

6

7 DATED: _____         DOWNEY BRAND, LLP

8

                              By: /s/ Kathryn L. Patterson

9                                  Cassandra M. Ferrannini

                               Kathryn L. Patterson

10                                Attorneys for Defendant ,

                               Sugar Transport of the Northwest, Inc.

11

12

13 DATED: _____         RODARAKIS & SOUSA, APC

14                               By:  /s/ Eric J. Sousa

                               Eric J. Sousa

15                                Attorneys for Defendants , Bronco Wine

16                                Company and Classic Wines of California

17 IT IS SO ORDERED.

18 DATED: April 25, 2017.

19                             EDMUND F. BRENNAN

                            UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Eastern District of California on _____[date] in

the case of <u>Ryan Guinn v. Sugar Transport of the Northwest, Inc., et al.</u>, Case No. 2:16-CV-00325-

WBS-EFB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print

or type full address and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____
           [printed name]


Signature: _____
         [signature]

16
**STIPULATED PROTECTIVE ORDER**