1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN GUINN, an individual, on      NO. 2:16-cv-325 WBS EFB
     behalf of himself, and on
12   behalf of all other persons
13   similarly situated,

                                        MEMORANDUM AND ORDER RE: MOTION
14            Plaintiff,                 FOR APPROVAL OF SETTLEMENT,
                                         DETERMINATION OF GOOD FAITH
15       v.                              SETTLEMENT, AND REQUEST FOR
                                         DISMISSAL
16   SUGAR TRANSPORT OF THE
     NORTHWEST, INC., a California
17   Corporation; BRONCO WINE
     COMPANY, a California
18   Corporation; CLASSIC WINES, a
     California Corporation,
19
20            Defendants.

21

22            Plaintiff Ryan Guinn brought this matter against

23   defendants Sugar Transport of the Northwest ("Sugar Transport"),

24   Bronco Wine Company ("Bronco"), and Classic Wines of California

25   ("Classic") for alleged violations of the Fair Labor Standards

26   Act ("FLSA"), 29 U.S.C. § 216; the California Labor Code, Cal.

27   Lab. Code §§ 201, 203, 204, and 512; and California's Unfair

28   Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.

                                    1

Presently before the court is the Joint Motion for Approval of Settlement, Determination of Good Faith Settlement, and Request for Dismissal submitted together by plaintiff, Bronco, and Classic (collectively "the settling parties"). (Docket No. 98.)

I.   Factual and Procedural Background

Plaintiff initiated this action against Sugar Transport on October 23, 2015. (Docket No. 1.) On January 24, 2017, plaintiff amended his complaint, adding Bronco and Classic as defendants. (First Amended Compl. ("FAC") (Docket No. 51).) Plaintiff contends that, as an alleged joint employer, Bronco and Classic owe him unpaid wages, premium pay, penalties, attorneys' fees, interest, and other damages for various alleged violations of FLSA and California Labor Code arising from his alleged employment. (Id.) On February 27, 2017, defendants timely answered the Amended Complaint, generally denying the allegations and asserting a number of affirmative defenses. (Answer (Docket No. 62).)

On December 20, 2017, the court issued an Order denying plaintiff's Motion for Proceeding as a Collective Action under the FLSA and for Class Certification. (Docket No. 82.) Subsequently, seventeen of the former putative class members filed four separate lawsuits in state court, which are currently pending. (Decl. of Cassandra M. Ferranninni ("Ferrannini Decl.") ¶ 3.)

Disputes remain between plaintiff and the settling defendants as to whether defendants can be considered plaintiff's employer under a joint employer theory, whether plaintiff was entitled to overtime compensation, and whether plaintiff was

provided requisite meal and rest breaks under California law. The parties entered negotiations and on May 2, 2018, they reached an agreed-upon settlement of any and all disputes between them. (Decl. of Brandy Barnes ("Barnes Decl.") (Docket No. 99) at ¶ 14.)  The parties executed the Settlement on or around May 23, 2018.  (Id. ¶ 17.)

On June 7, 2018, the settling parties submitted a Joint Motion for Approval of Settlement, in which they seek (1) the court's approval of their settlement under FLSA, (2) a determination that the Settlement was made in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6, thereby barring claims for contribution and indemnity, and (3) dismissal of Classic and Bronco from this action, with prejudice. (Docket No. 98.)  On June 25, 2018, defendant Sugar Transport submitted an Opposition to this Joint Motion.  (Docket No. 102.)

The parties are scheduled to mediate the pending state court cases, as well as the remainder of this case, on August 9, 2018.  (Ferranninni Decl. ¶ 8.)

II.    Approval of Settlement

"Although the Ninth Circuit has not established a standard for district courts to follow when evaluating an FLSA settlement, California district courts frequently apply the standard established by the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982)."  Thompson v. Costco Wholesale Corp., No. 14-cv-2778 CAB WVG, 2017 WL 697895, at *6 (S.D. Cal. Feb. 22, 2017).  Pursuant to that standard, plaintiff may settle and release his claims against his employer or putative employer

if the parties obtain court approval of the proposed settlement
and if the settlement constitutes "a fair and reasonable
resolution of a bona fide dispute over FLSA provisions." 29
U.S.C. § 216(b); Lynn's Food Stores, 679 F.2d at 1355.

Court approval is necessary to ensure an employee does
not waive statutory rights as a result of an employer's
overreaching in a non-adversarial context. Lynn Food Stores,
Inc., 679 F.2d at 1354. However, when a settlement is reached in
an adversarial context, as it was here, it is "more likely to
reflect a reasonable compromise of disputed issues" and may be
approved by the court to promise the policy of encouraging
settlement of litigation. (Id. at 1353.)

A.   Bona Fide Dispute

"A bona fide dispute exists when there are legitimate
questions about the existence and extent of Defendant's FLSA
liability." Seguin v. County of Tulare, No. 16-cv-1262 DAD SAB,
2018 WL 1919823, at *2 (E.D. Cal. Apr. 24, 2018). Here, although
the parties have been able to reach a settlement, significant
disagreement remains, and there was no admission of liability on
the part of any party. (Barnes Decl. ¶ 16.)  While plaintiff
contends that settling defendants qualify as plaintiff's employer
under a theory of "joint employment," defendants deny having an
employment relationship with plaintiff. (Barnes Decl. ¶¶ 7-8.)
Further, with respect to FLSA potential liability, plaintiff
argues that he was entitled to overtime compensation, while
settling defendants contend that plaintiff was exempt from
overtime. Based on these facts, the court concludes that there
are a number of substantial disputes between settling parties

related to the facts of the case and the application of law to those facts. Accordingly, this Settlement represents the resolution of multiple bona fide disputes.

B.    Fair and Reasonable

In order for the court to grant approval of the Settlement, it must also determine both that the process was fair and that the ultimate agreed upon settlement amount is fair and reasonable. "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." Officers for Justice v. Civil Service Commission, 688 F.2d 615, 628 (9th Cir. 1982). Indeed, it is generally understood that, "[u]ltimately the amount of the [settlement] will be less than what some [plaintiffs] feel they deserve but, conversely, more than the defendants feel those individuals are entitled to." Id. Further, "it is quite proper for a settling defendant to pay less than his proportionate share of the anticipated damages. What is required is simply that the settlement not be grossly disproportionate to the settlor's fair share." Tech-Bilt, Inc., 38 Cal. 3d 488 at 499.

The Settlement in this action was the product of arms-length negotiations between the parties and their counsel. (Barnes Decl. ¶¶ 14-16.) All parties were represented in those negotiations and understood that they were reaching a compromise of their dispute. (Barnes Decl. ¶¶ 14-16.) The Settlement reflects a compromise--the amount is less than plaintiff would have received if he had prevailed on all of his claims against defendants but more than defendants would have paid if they had

prevailed at trial.  (Barnes Decl. ¶ 18.)  Thus, the court
concludes that the Settlement reached is reasonable in light of
the contested claims and defenses.  (Barnes Decl. ¶ 15.)

III.   Determination of Good Faith

The settling parties also seek a determination by this
court that the Settlement was reached in good faith, thereby
barring all pending and future claims against Bronco and Classic
for indemnity, contribution, declaratory relief and/or any other
claims under principles of comparative fault and/or negligence.
Sugar Transport opposes any such determination and argues that
the settling parties' request must be denied.

A.   Court Authority

Federal courts have the authority to review and approve
settlements of federal and state-law claims and to enter
appropriate orders.  See Federal Sav. And Loan Ins. Corp. v.
Butler, 904 F.2d 505, 511 (9th Cir. 1990).  Federal courts
exercising supplemental jurisdiction over state-law claims, as is
the case here, ordinarily must apply the substantive law of the
state in which they are located.  O'Melveny & Myers v. FDIC, 512
U.S. 79, 85-89 (1994).  "[T]he case law is clear that state
settlement provisions amount to substantive, rather than purely
procedural, law."  Slaven v. BP America, Inc., 958 F. Supp. 1472,
1478 (C.D. Cal. 1997).  Under California law, the "good faith" of
a settlement is evaluated under California Code of Civil
Procedure § 877.  Butler, 904 F.2d at 511.[1]

---

[1]    Most relevant to this case is section 877.6(c), which
states that a determination of good faith settlement by the court

1    Sugar Transport argues that the settling parties
2  attempt to erroneously apply California Code of Civil Procedure §
3  877 to the federal cause of action at issue in this case.  While
4  federal courts have certainly applied § 877 to state law causes
5  of action asserted in federal court, they have not applied this
6  section to federal causes of action, and the court will not do so
7  here.  See Daughtry v. Diamond M Co., 693 F. Supp. 856, 861 (C.D.
8  Cal. 1988)(holding sections 877 and 877.6 did not apply to action
9  based on federal maritime law).

10    In support of applying § 877, the settling parties
11  point to an unpublished Northern District of California case in
12  which the court applied California Code of Civil Procedure §
13  877.6 to the settlement at issue, despite the presence of federal
14  claims.  Schaeffer v. Gregory Vill. Partners, L.P., No. 13-cv-
15  04358-JST, 2015 WL 1885634, at *4 (N.D. Cal. Apr. 24, 2015).
16  However, the court did so only after determining that the state
17  law claims predominate.  Conversely, in Slaven, the court
18  explained "that where federal maritime causes of action remain
19  against the non-settling defendants, the court cannot condone the
20  application or approval of the California state settlement law
21  even as to the state law causes of action."  958 F. Supp. at
22  1484.  In this case, the state law claims do not predominate, and
23  thus the Schaeffer decision is not applicable.

24    The settling parties next argue that, whether or not
25  state or federal law claims predominate in this case, federal law
26  provides the same protections as California Code of Civil
27  _____
28  bars further contribution and indemnity claims by the non-
   settling defendant.

Procedure § 877, and thus the court can apply the same rationale and bar all future indemnity claims.  However, the federal common law that allows partial settlements to bar claims for contribution and indemnity appears only to have been applied in federal securities cases.  See Nelson v. Bennett, 662 F. Supp. 1324, 1338 (E.D. Cal. 1987)(holding that settlement with one set of defendants in multiple defendant federal securities law action operates to bar nonsettling defendants' implied rights of contribution where settlement was fundamentally fair and equitable).  In such cases, the courts have explained that "partial settlements and bar orders affect substantive rights that are the province of federal courts in securities actions" and "thus, a uniform federal settlement bar rule, rather than the California settlement bar statute, will govern these federal securities claims."  Id.  Importantly, the courts have differentiated securities cases by explaining that Congress statutorily created a right to contribution for securities law, but "has not yet created laws governing the right it created, [and thus] the federal courts are free to fashion a common law."  Franklin v. Kaypro Corp., 884 F.2d 1222, fn. 10 (9th Cir. 1989)(citing Texas Indus. Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981)).  However, this court is unaware of any case in which a federal court has applied this federal common law outside of the securities law context.  Furthermore, in the context of FLSA cases, Congress has already created a law regarding settlement procedures, and thus there is no need to resort to federal common law.

Accordingly, given the presence of the FLSA claim and the fact that state law causes of action do not predominate in this case, there is no legal authority to support an application of California Code of Civil Procedure § 877. Thus, the court will not make a good faith determination regarding any part of this settlement.

V. <u>Dismissal of Bronco and Classic</u>

Sugar Transport did not provide any opposition to the joint Request for Dismissal with prejudice of settling defendants Bronco and Classic. Instead, Sugar Transport solely focused on opposing the Determination of Good Faith. Thus, the court will grant the settling parties' Request for Dismissal.

IT IS THEREFORE ORDERED that plaintiff's Motion for Approval of Settlement and Request for Dismissal of this action as against settling defendants Bronco and Classic be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's request for a Determination of Good Faith Settlement pursuant to California Code of Civil Procedure § 877 be, and the same hereby is, DENIED.

Dated: July 13, 2018

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE