UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RYAN GUINN, an individual, on behalf of himself, and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUGAR TRANSPORT OF THE NORTHWEST, INC., a California Corporation; BRONCO WINE COMPANY, a California Corporation; CLASSIC WINES, a California Corporation, and DOES 1 through 100,<br><br>Defendant. | No. 2:16-cv-00325 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE: JOINT MOTION FOR APPROVAL OF SETTLEMENT AND REQUEST FOR DISMISSAL WITH PREJUDICE</u> |

----oo0oo----

Plaintiff Ryan Guinn brought this matter against defendants Sugar Transport of the Northwest ("Sugar Transport"), Bronco Wine Company ("Bronco"), and Classic Wines of California ("Classic") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; the California Labor Code, Cal. Lab. Code §§ 201, 203, 204, and 512; and California's Unfair

1

Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. Before the court is a Joint Motion for Approval of Settlement and Request for Dismissal with Prejudice submitted together by plaintiff and Sugar Transport (collectively "the settling parties"). (Docket No. 112.)

In this court's prior order approving settlement as to defendants Bronco and Classic (Docket No. 107), this court described the parties and much of the factual and procedural background to the lawsuit. Since then, the settling parties mediated this action in front of the Honorable Ronald M. Sabraw (Retired) of JAMS and reached an agreement. (Decl. of Cassandra M. Ferrannini in Supp. of Joint Mot. ("Ferrannini Decl.") ¶¶ 2-3 (Docket No. 112-3).) Bronco and Sugar Transport also reached agreement on the remaining pending state court actions with the other former putative class members. (Id. ¶ 3.) All parties executed a settlement agreement on or around September 27, 2018. (Exhibit A, Settlement Agreement (Docket No. 112).) On October 9, 2018, the settling parties submitted a Joint Motion for Approval of Settlement, in which they seek (1) the court's approval of their settlement under the FLSA and (2) dismissal of Sugar Transport from this action, with prejudice.

"Although the Ninth Circuit has not established a standard for district courts to follow when evaluating an FLSA settlement, California district courts frequently apply the standard established by the Eleventh Circuit in Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982)." Thompson v. Costco Wholesale Corp., No. 14-cv-2778 CAB WVG, 2017 WL 697895, at *6 (S.D. Cal.

Feb. 22, 2017). Under that standard, plaintiff may settle and release his claims against his employer or putative employer if the parties obtain court approval of the proposed settlement and if the settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 29 U.S.C. § 216(b); Lynn's Food Stores, 679 F.2d at 1355. Court approval is necessary to ensure an employee does not waive statutory rights as a result of an employer overreaching in a non-adversarial context. Lynn Food Stores, Inc., 679 F.2d at 1354.

"A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." Seguin v. County of Tulare, No. 16-cv-1262 DAD SAB, 2018 WL 1919823, at *2 (E.D. Cal. Apr. 24, 2018). Here, although the parties have reached a settlement, significant disagreement remains. Sugar Transport has not admitted any liability, and the parties continue to disagree about who would prevail at trial. (Ferrannini Decl. ¶ 5; Decl. of James Pagano in Supp. of Joint Mot. ("Pagano Decl.") ¶ 6.) With respect to FLSA liability, plaintiff argues that he is entitled to overtime compensation (First Amended Complaint ("FAC") ¶¶ 18-20 (Docket No. 51)), while Sugar Transport contends that plaintiff was exempt from overtime compensation under the motor carrier exemption (Mot. for Summ. J. at 11 (Docket No. 90-1)). The parties also disagree about whether plaintiff was given a meaningful opportunity to take meal and rest breaks. (Compare FAC ¶¶ 25-28 with Mot. for Summ. J. at 6-7.) Given the many substantial disputes that remain between the settling parties as to the merits of plaintiff's FLSA claims, the court concludes that this settlement represents the

3

resolution of multiple bona fide disputes.

In determining whether a settlement under the FLSA is fair and reasonable, this court will adopt a "totality of circumstances approach that emphasizes the context of the case and the unique importance of the substantive labor rights involved." See Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016). A settlement that reflects "a fair and reasonable compromise of issues that are actually in dispute may be approved to promote the efficiency of encouraging settlement of litigation." Wagner v. Cty. of Inyo, No. 1:17-CV-00969 DAD JLT, 2018 WL 3203116, at *3 (E.D. Cal. June 28, 2018) (citations omitted). This court finds that this settlement is fair and reasonable for several reasons.

First, both parties were represented by counsel in negotiations and understood that they were reaching a compromise of their dispute. (Ferrannini Decl. ¶ 2.) The Settlement reflects an actual compromise -- the amount is less than what plaintiff counsel believes plaintiff's claims are worth but more than Sugar Transport's counsel's valuation of plaintiff's claims. (Compare Pagano Decl. ¶ 4 with Ferrannini Decl. ¶ 4.) This court will give considerable weight to both counsel's opinions given their familiarity with the litigation and their experience with similar cases. See Larsen v. Trader Joe's Co., No. 11-CV-05188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014) (doing the same). The certainty of recovery also helps prevent plaintiff from suffering from additional damage if he does not prevail at trial, further indicating that this settlement is a legitimate compromise. See Selk, 159 F. Supp. 3d at 1175.

4

1          Second, the settlement took place in an advanced stage
 2     of the proceedings, after the settling parties had conducted
 3     ample discovery relating to their claims and/or defenses.
 4     (Pagano Decl. ¶ 5).  In total, the parties to these proceedings
 5     took thirteen depositions and exchanged a voluminous number of
 6     documents that were reviewed by counsel.  (Id.)  "A settlement
 7     that occurs in an advanced stage of the proceedings indicates
 8     that the parties carefully investigated the claims before
 9     reaching a resolution."  Ontiveros v. Zamora, 303 F.R.D. 356, 371
10     (E.D. Cal. 2014).
11          Third, the settling parties reached an agreement
12     following participation in a multi-day JAMS mediation session in
13     front of an experienced mediator.  (See Ferrannini Decl. ¶ 2–3.)
14     Participation in mediation supports "the conclusion that the
15     settlement process was not collusive."  Ogbuehi v. Comcast of
16     Cal./Colo./Fla./Or., Inc., 303 F.R.D. 337, 350 (E.D. Cal. 2014)
17     (Mueller, J.) (citation omitted).  It also indicates that the
18     parties carefully investigated their claims by considering a
19     neutral opinion in evaluating the strength of their arguments.
20     See Ontiveros, 303 F.R.D. at 371.
21          Given these findings, the court concludes that the
22     settlement reached is a fair and reasonable resolution of bona
23     fide disputes.  No party has opposed the Joint Request for
24     Dismissal with Prejudice, and the court will grant the request.
25          IT IS THEREFORE ORDERED that the Joint Motion for
26     Approval of Settlement and Request for Dismissal with Prejudice
27     (Docket No. 112) of this action as against Sugar Transport be,
28     and the same hereby is, GRANTED.

Dated: November 1, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE